

EXHIBIT B

FILED
COMMON PLEAS COURT

2022 NOV 10 PM 1:08

[illegible stamp]
ALLEN COUNTY, OHIO

# IN THE COURT OF COMMON PLEAS
## ALLEN COUNTY OHIO

**ALLISON KISE**
790 SPIEGEL CT.
MARYSVILLE, OHIO 43045,
    Plaintiff,

v.

**JASON A. WEISS**
1103 LILLIAN LANE
SANDWICH, ILLINOIS 60548

    And

**DAVID A. KEARNS**
11600 SHABBONA GROVE ROAD
WATERMAN, ILLINOIS 60556

    And

**DAVID A. KEARNS, JR.**
11600 SHABBONA GROVE ROAD
WATERMAN, ILLINOIS 60556

    And

**KEARNS FARMS**
11600 SHABBONA GROVE ROAD
WATERMAN, ILLINOIS 60556

    And

**JOHN DOE DEFENDANT NO. 1**
**NAME UNKNOWN**
**ADDRESS UNKNOWN**

    And

Case No. **CV2022 0452**

CATEGORY 3 – Other Torts

Judge **KOHLRIESER**

ldg

**JOHN DOE DEFENDANT NO. 2**
**NAME UNKNOWN**
**ADDRESS UNKNOWN**

                      Defendants.

## COMPLAINT

1. Plaintiff, Allison Kise, is a resident of Marysville, Ohio.

2. Defendant, Jason A. Weiss ("Weiss"), is a resident of Sandwich, Illinois who, upon information and belief, was at all relevant times employed by Defendant, Kearns Farms and/or Defendant, David A. Kearns, and/or Defendant, David A. Kearns, Jr., and/or Defendant, John Doe No. 1, and/or Defendant, John Doe No. 2. All of these Defendants conduct business in and throughout the State of Ohio and/or conducted business in and throughout the State of Ohio at all relevant times.

3. Defendants, David A. Kearns and David A. Kearns, Jr. are residents of the State of Illinois.

4. Defendant, Kearns Farms, is located in Illinois.

5. At all relevant times, Defendants, John Doe No. 1 and John Doe No. 2 have been and remain unknown and their addresses have been and remain unknown despite the Plaintiff's attempts to discover their names and addresses, but these John Doe Defendants are individuals, partnerships, limited liability companies or corporations who were engaged in the business of, among other things, producing, selling and transporting goods and/or livestock and/or crops.

6. This Court has personal and subject matter jurisdiction.

7. Venue is proper in this Court.

## FIRST CAUSE OF ACTION
## NEGLIGENCE
## DEFENDANT JASON A. WEISS

8. Plaintiff incorporates as if fully rewritten herein, each and every averment set forth in paragraphs 1 through 7.

9. At all relevant times, on or about November 20, 2020, Defendant, Weiss, was operating a semi tractor-trailer owned by Defendant, Kearns Farms and/or Defendant, David A. Kearns, and/or Defendant, David A. Kerns, Jr., and/or Defendant, John Doe No. 1, and/or Defendant, John Doe No. 2 on College Park West, Lima, Allen County, Ohio.

10. Weiss operated the semi tractor-trailer upon the left side of the roadway and struck the Plaintiff's vehicle.

11. Weiss had a duty to operate the semi tractor-trailer in a manner that did not endanger the safety of others.

12. Weiss operated the semi tractor-trailer in a negligent and/or reckless and/or wanton manner without regard for the safety of others.

13. Weiss's breach of his duty is the direct and/or proximate cause of the crash and the damages suffered by the Plaintiff.

14. As a result of the actions of Weiss, the Plaintiff suffered damages, including but not limited to, property damage, lost wages, medical bills, emotional distress, pain and suffering and permanent injury in excess of twenty-five thousand dollars ($25,000) and will suffer further damages in the future.

## SECOND CAUSE OF ACTION
## RESPONDEAT SUPERIOR
## DEFENDANTS KEARNS FARMS, DAVID A. KEARNS, DAVID A. KEARNS, JR., JOHN DOE NO. 1 AND JOHN DOE NO. 2

15. Plaintiff incorporates as if fully rewritten herein, each and every averment set forth in paragraphs 1 through 14.

16. At all relevant times, Weiss was acting in the scope of his employment and/or agency.

17. Defendants Kearns Farms, David A. Kearns, David A. Kearns, Jr., John Doe No. 1 and John Doe No. 2 is/are liable for the negligent acts and/or the failure to act of its/their employees and/or agents acting within the scope of their employment or agency, which directly and/or proximately caused damages to the Plaintiff in excess of twenty-five thousand ($25,000) and future damages.

## THIRD CAUSE OF ACTION
## NEGLIGENT AND/OR RECKLESS HIRING AND/OR SUPERVISION AND/OR TRAINING AND/OR RETENTION OF EMPLOYEE
## DEFENDANTS KEARNS FARMS, DAVID A. KEARNS, DAVID A. KEARNS, JR., JOHN DOE NO. 1 AND JOHN DOE NO. 2

18. Plaintiff incorporates as if fully rewritten herein, each and every averment set forth in paragraphs 1 through 17.

19. Defendants Kearns Farms, David A. Kearns, David A. Kearns, Jr., John Doe No. 1 and John Doe No. 2 owed a duty to the Plaintiff to use reasonable care to hire and/or supervise and/or train and/or retain Weiss and other employees and agents in a manner that did not cause harm to the Plaintiff.

20. Defendants Kearns Farms, David A. Kearns, David A. Kearns, Jr., John Doe No. 1 and John Doe No. 2 breached this duty.

21. Defendants Kearns Farms, David A. Kearns, David A. Kearns, Jr., John Doe No. 1 and John Doe No. 2 knew or should have known that Weiss posed a risk to the Plaintiff and/or other persons similarly situated, yet failed to take any action to avoid such risk.

22. Defendants Kearns Farms, David A. Kearns, David A. Kearns, Jr., John Doe No. 1 and John Doe No. 2's actions and/or failure to act was negligent and/or reckless and/or wanton.

23. Defendants Kearns Farms, David A. Kearns, David A. Kearns, Jr., John Doe No. 1 and John Doe No. 2's actions and/or failure to act is the direct and/or proximate cause of the damages suffered by the Plaintiff.

24. As a result of Defendants Kearns Farms, David A. Kearns, David A. Kearns, Jr., John Doe No. 1 and John Doe No. 2's actions and/or failure to act, the Plaintiff suffered damages in excess of twenty-five thousand dollars ($25,000) and will suffer further damages in the future.

### FOURTH CAUSE OF ACTION
### DUTY TO CONTROL EMPLOYEES
### DEFENDANTS KEARNS FARMS, DAVID A. KEARNS, DAVID A. KEARNS, JR., JOHN DOE NO. 1 AND JOHN DOE NO. 2

25. Plaintiff incorporates as if fully rewritten herein, each and every averment set forth in paragraphs 1 through 24.

26. Defendants Kearns Farms, David A. Kearns, David A. Kearns, Jr., John Doe No. 1 and John Doe No. 2 have a duty to exercise reasonable care to control their employees and/or agents who are operating and/or servicing and/or maintaining their equipment so as to prevent these employees from negligently and/or recklessly and/or wantonly harming others or conducting themselves in a manner that creates an unreasonable risk of harm to others.

27. Defendants Kearns Farms, David A. Kearns, David A. Kearns, Jr., John Doe No. 1 and John Doe No. 2 breached this duty by failing to control the actions of Weiss and/or other employees and/or agents.

28. Defendants Kearns Farms, David A. Kearns, David A. Kearns, Jr., John Doe No. 1 and John Doe No. 2's breach is the direct and/or proximate cause of the damages suffered by the Plaintiff.

29. As a result of the actions and/or failure to act of Defendants Kearns Farms, David A. Kearns, David A. Kearns, Jr., John Doe No. 1 and John Doe No. 2, the Plaintiff suffered damages in excess of twenty-five thousand ($25,000) and will suffer further damages in the future.

### FIFTH CAUSE OF ACTION
### NEGLIGENCE PER SE
### DEFENDANT JASON A. WEISS

30. Plaintiff incorporates as if fully rewritten herein, each and every averment set forth in paragraphs 1 through 28.

31. At all relevant times, Defendant Weiss operated a motor vehicle in such a manner as to violate R.C. § 4511.30 by driving upon the left side of the roadway.

32. Because Defendant Weiss violated R.C. § 4511.30, Weiss is negligent as a matter of law.

33. As a direct and/or proximate result of Defendant Weiss's violation of R.C. § 4511.30, the Plaintiff suffered damages in excess of twenty-five thousand ($25,000) will suffer further damages in the future.

WHEREFORE, the Plaintiff demands judgment against the Defendants as follows:

A. For monetary damages in excess of twenty-five thousand ($25,000);

B. For reasonable attorney fees;

C. For punitive damages;

D. For the costs of this action;

E. For all relief that this Court deems appropriate and equitable.

>Respectfully submitted,
>
>PLANK LAW FIRM, LPA
>
>/s/ David Watkins
>_____
>David Watkins (0059242)
>411 E. Town Street, Flr 2
>Columbus, Ohio 43215
>614/947-8600
>614/228-1790 (Fax)
>dw@planklaw.com
>*Attorneys for Plaintiff*