UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Allison Kise,                      Case No. 3:22-cv-2322

    Plaintiff,

v.                          MEMORANDUM OPINION
                               AND ORDER

Jason A. Weiss, *et al.*,

    Defendants.

## I. INTRODUCTION AND BACKGROUND

On November 20, 2020, Defendant Jason A. Weiss was driving a semi tractor-trailer when he crossed into oncoming traffic and collided with Plaintiff Allison Kise's vehicle. (Doc. No. 1-2 at 3). Kise alleges that at the time of the accident, Weiss was employed by Defendants Kearns Farms, David A. Kearns, and David A. Kearns, Jr. (*Id.* at 2). Kise filed suit in the Allen County, Ohio Court of Common Pleas, asserting claims for negligence, respondeat superior, negligent or reckless hiring or retention, negligent management of employees, and negligence per se. She asserts she suffered monetary damages in excess of $25,000 and seeks punitive damages and attorney fees as well. (*Id.* at 6-7).

Defendants timely removed this action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446(b). (Doc. No. 1). Kise agrees that there is complete diversity between the parties in this lawsuit, but she disputes Defendants' assertion that, based "'upon information and belief, the matter in controversy exceeds the sum of $75,000 exclusive of interest and cost.'" (Doc. No. 5 at 2 (quoting Doc. No. 1 at

2)). Defendants filed a brief in opposition to the motion to remand, (Doc. No. 6), and Kise filed a brief in reply. (Doc. No. 7). For the reasons stated below, I grant Kise's motion and remand this case to the Allen County Court of Common Pleas.

## II.     DISCUSSION

Kise offers two related arguments in support of her motion to remand. She contends (1) Defendants did not carry their burden to establish the amount in controversy exceeds $75,000 and (2) she has offered evidence that the amount in controversy will not exceed $75,000. (*See* Doc. No. 5 at 3-4).

Section 1441 permits a defendant to remove a civil case from state court to federal court if the case could have been brought in federal court initially. 28 U.S.C. § 1441(a). When a plaintiff challenges a removal based upon diversity jurisdiction, the defendant has the burden of proving, by a preponderance of the evidence, that the requirements of diversity jurisdiction have been met. *See, e.g., Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014) (citing 28 U.S.C. § 1446(c)(2)(B)); *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000) (citations omitted).

Kise submitted a sworn affidavit along with her motion to remand in which she stated: "The amount of damages that I have suffered to date and will suffer in the future as a result of the crash giving rise to this case is well below $75,000." (Doc. No. 5 at 6). Further, Kise's attorney represents, in a written motion subject to Rule 11 of the Federal Rules of Civil Procedure, that "the total of all of [Kise's] damages associated with the November 20, 2020 crash will be less than $75,000." (*Id.* at 3).

Defendants argue that these statements are not sufficient to defeat diversity jurisdiction because those statements are non-binding and equivocal. (Doc. No. 6 at 8). It is true that some judges appear to have adopted specific requirements for the language which must be used in amount-in-controversy stipulations. *See, e.g., Spence v. Centerplate*, 931 F. Supp. 2d 779, 782 (W.D. Ky.

2

2013) (inquiring whether plaintiff's stipulation met "the Court's requirement for an unequivocal statement"). But, as the *Spence* court acknowledged, "a stipulation is an 'express waiver made . . . by the party or his attorney conceding for purposes of the trial the truth of some alleged fact.'" *Id.* (quoting *Standard Fire Ins. Co. v. Knowles,* 568 U.S. 588, 592 (2013)) (further citation omitted). In this case, both Kise and her attorney have expressly conceded that the total amount of the damages she could possibly receive in this case will be less than $75,000.

Moreover, when a party advocates for a specific position in support of a motion, the doctrine of judicial estoppel "protects the integrity of the judicial process by preventing a party from taking a position inconsistent with one successfully and unequivocally asserted by the same party in a prior proceeding." *Fenger v. Idexx Lab., Inc.*, 194 F. Supp. 2d 601, 605 (E.D. Ky. 2002). While Defendants may desire that Kise agree to specific language and conditions, (*see* Doc. No. 6-1), the law does not require this. Nor, importantly, does it permit a party to disregard its prior sworn statements in future stages of the litigation. *See, e.g., Jester v. Kenco Logistics Servs., LLC*, No. 3:13-CV-385-S, 2013 WL 6072994, at *2 (W.D. Ky. Nov. 18, 2013).

### III. CONCLUSION

For the reasons stated above, I conclude the record evidence demonstrates that the amount in controversy in this litigation is less than $75,000. Therefore, I grant Kise's motion and remand this case to the Allen County Court of Common Pleas. (Doc. No. 5).

So Ordered.

                                              s/ Jeffrey J. Helmick
                                              United States District Judge